NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-78

COMMONWEALTH

vs.

WILLIAM P. REGAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, William P. Regan, appeals from his conviction, after a jury trial in the District Court, of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b).[1] Concluding that the trial judge properly denied the defendant's request for a jury instruction on self-defense where there was no evidence that the defendant used all reasonable means to avoid combat, we affirm.

1. Standard of review. The defendant made timely requests, before and during trial, that the judge instruct the jury on the issue of self-defense and made timely objections

---

[1] The defendant raises no challenge to his conviction of negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).

when the judge denied the requests.  "We therefore review to determine whether the failure to instruct was error and, if it was, whether the error was prejudicial."  Commonwealth v. White, 103 Mass. App. Ct. 655, 658 (2024), quoting Commonwealth v. Graham, 62 Mass. App. Ct. 642, 651 (2004).

2.  Self-defense instruction.  "A defendant is entitled to have the jury . . . instructed on the law relating to self-defense if the evidence, viewed in its light most favorable to him, is sufficient to raise the issue."  Commonwealth v. Espada, 450 Mass. 687, 692 (2008), quoting Commonwealth v. Harrington, 379 Mass. 446, 450 (1980).  "[I]t must appear that the person [claiming self-defense] had a reasonable apprehension of great bodily harm and a reasonable belief that no other means would suffice to prevent such harm."  Commonwealth v. Benoit, 452 Mass. 212, 226 (2008), quoting Commonwealth v. Pike, 428 Mass. 393, 396 (1998).  Specifically, the person claiming self-defense must "use all reasonable means to avoid physical combat."  Commonwealth v. Fayad F., 495 Mass. 266, 277 (2025), quoting Commonwealth v. King, 460 Mass. 80, 83 (2011).  "Self-defense is generally unavailable where the confrontation occurs on a public street and 'where "there is no evidence that the principal was not able to walk away."'"  Commonwealth v. Ortega, 480 Mass. 603, 611 (2018), quoting Commonwealth v. Avila, 454 Mass. 744, 769 (2009).

2

Here, the defendant was not entitled to a self-defense instruction as the evidence, even when viewed in the light most favorable to the defendant, shows that he was able to retreat and did not do so.  See Espada, 450 Mass. at 693.  It is undisputed that, after the victim shouted at the defendant and stepped towards him, the defendant responded by accelerating away from the victim,[2] passing two vehicles in the same lane of travel, and circling around to face the victim.  A city camera video capturing the entire incident shows an empty lane of traffic in the opposite direction, permitting the defendant to continue to drive away, on the double yellow lines, as he passed vehicles in his lane of traffic.  Indeed, after striking the victim, this is the exact avenue the defendant used to leave the scene.  In his testimony, the defendant recognized that he had reasonable alternatives other than stopping on the sidewalk, admitting, "I could have done a few things, you know."  See Commonwealth v. Toon, 55 Mass. App. Ct. 642, 653 (2002) ("There was simply no evidence that an avenue of escape was unavailable to the defendant at the start of the confrontation").

---

[2] As the trial judge explained, "[t]he actions as they happen on the street do not give rise to self-defense because your client created the distance and once he drives away, self-defense is eviscerated."  See Commonwealth v. Toon, 55 Mass. App. Ct. 642, 653 (2002).

3

Furthermore, the defendant's argument that he was unable to retreat once he was on the sidewalk is not supported by any evidence. Although there was a wall to the defendant's left, the video footage revealed that there was ample space to the defendant's right to allow the defendant to reenter his previous travel lane. Indeed, the defendant admitted at trial that he could have driven to the right of the stopped vehicles in the road. See Fayad F., 495 Mass. at 276 ("Even if the juvenile had not known that the victim intended to engage in a physical altercation and the juvenile had not ascended the stairs with the intent to assault the victim, once the victim took the first swing at the juvenile, the juvenile had multiple avenues of escape that he did not use"). Accordingly, the trial judge properly denied the defendant's request for an instruction on self-defense as there was no evidence, even when viewed in the light most favorable to the defendant, that he used all means to

4

avoid combat.[3]

Judgment affirmed.

By the Court (Ditkoff, Hand & Walsh, JJ.[4]),

Clerk

Entered:  April 1, 2025.

---

[3] We need not address the defendant's argument that the trial judge erred in excluding the defendant's proposed testimony that he knew the victim always carried a penknife. This evidence went to the reasonableness of the defendant's fear of the victim but had no relevance to the issue of retreat.  See Pike, 428 Mass. at 397 ("Whether the defendant's fear of attack was reasonable is a factual question, depending upon a number of circumstances, such as whether the victim was armed and the physical size of the victim").  A knife is not a weapon that would have affected the reasonableness of retreating by motor vehicle.  See Ortega, 480 Mass. at 612 (2018) ("If the weapon requires close proximity to inflict injury and threaten death, then retreat in an open space becomes a more viable option so long as the aggressor is not within range to use the weapon"). Accordingly, this evidence could not have affected the result of the trial.

[4] The panelists are listed in order of seniority.